# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CVR REFINING, LP, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. N21C-01-260 EMD CCLD |
| v. | ) | |
| | ) | |
| XL SPECIALTY INSURANCE COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: June 27, 2023
Decided: October 12, 2023

*Upon Defendants' Motion for a Protective Order*
***DENIED***
*Upon Plaintiffs' Motion for Entry of Partial Judgment*
***DENIED***

Travis S. Hunter, Esquire, Alexandra M. Ewing, Esquire, Srinivas M. Raju, Richards, Layton & Finger, P.A., Wilmington, Delaware, David P. Bender, Jr., Esquire, Joseph G. Balice, Esquire, Haynes and Boone, LLP, Costa Mesa, California, Benjamin L. Mesches, Esquire, Haynes and Boone, LLP, Dallas, Texas, Brian Singleterry, Esquire, Haynes and Boone, LLP. Fort Worth, Texas. *Attorneys for Plaintiffs CVR Refining, LP, CVR Refining GP, LLC, CVR Refining Holdings, LLC, CVR Energy, Inc. and David Lamp*

Stephen E. Jenkins, Esquire, Richard D. Heins, Esquire, Ashby & Geddes, Wilmington, Delaware, Herbert Beigel, Esquire, Law Offices of Herbert Beigel, Tucson, Arizona. *Attorneys for Plaintiffs Carl C. Icahn and Icahn Enterprises L.P.*

Robert J. Katzenstein, Esquire, Smith Katzenstein & Jenkins LLP, Wilmington, Delaware, Leland H. Jones, Esquire, Chiara Tondi Resta, Esquire, Wiley Rein LLP, Washington, D.C. *Attorneys for Defendant XL Specialty Insurance Company.*

John C. Phillips, Jr., Esquire, David Bilson, Esquire, Phillips McLaughlin & Hall, P.A., Wilmington, Delaware, Michael P. Duffy, Esquire, Scarlett M. Rajbanshi, Esquire, Boston, Massachusetts. *Attorneys for Defendant Twin City Fire Insurance Company.*

John C. Phillips, Jr., Esquire, David Bilson, Esquire, Phillips McLaughlin & Hall, P.A., Wilmington, Delaware, Erica J. Kerstein, Esquire, Robinson & Cole LLP, New York, New York. *Attorneys for Defendant Allianz Global Risk US Insurance Company.*

John C. Phillips, Jr., Esquire, David Bilson, Esquire, Phillips McLaughlin & Hall, P.A., Wilmington, Delaware, Geoffrey W. Heineman, Esquire, Ropers Majeski, P.C., New York, New York. *Attorneys for Defendant Argonaut Insurance Company.*

Marc S. Casarino, Esquire, Kennedys CMK LLP, Wilmington, Delaware, Sean P. Mahoney, Esquire, Michael E. DiFebbo, Esquire, Kennedys CMK LLP, Philadelphia, Pennsylvania. *Attorneys for Defendant Allied World National Assurance Company.*

**DAVIS, J.**

## I. INTRODUCTION

This insurance coverage dispute is assigned to the Complex Commercial Litigation Division of the Court. Plaintiffs CVR Refining, LP ("CVR Refining"),[1] CVR Refining GP, LLC (the "General Partner"), CVR Refining Holdings, LLC ("CVR Holdings"), CVR Energy, Inc. ("CVR Energy"), Icahn Enterprises, LP ("IELP"), Carl C. Icahn, and David L. Lamp (collectively, the "Plaintiffs")[2] assert claims against Defendants XL Specialty Insurance Company ("XL"), Twin City Fire Insurance Company ("Twin City"), Allianz Global Risks US Insurance Company ("Allianz"), Argonaut Insurance Company ("Argonaut"), and Allied World National Assurance Company ("AWAC") (collectively, the "Insurers").

The Court has already issued three decisions in this civil action—*CVR Refining, LP v. XL Specialty Ins. Co.*, 2021 WL 3523925 (Del. Super. Aug. 11, 2021) (the "*McWane* Decision"); *CVR Refining, LP v. XL Specialty Ins. Co.*, 2021 WL 5492671 (Del. Super. Nov. 23, 2021) (the "Partial SJ Decision"); and *CVR Refining, LP v. XL Specialty Ins. Co.*, 2023 WL 5985313 (Del. Super. Sept. 13, 2023) (the "Second *McWane* Decision"). The Partial SJ Decision granted the Plaintiffs' motion for partial summary judgment on Count I of the Complaint.[3] The Second

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the *McWane* Decision, the Second *McWane* Decision, and/or the Partial SJ Decision.

[2] The Court will also refer to the Plaintiffs as the Icahn Plaintiffs and the CVR Plaintiffs as defined below.

[3] 2021 WL 5492671, at *11.

2

*McWane* Decision denied the Insurers' renewed motion to dismiss, or alternatively, to stay this civil action in favor of the Texas Action (the "Second McWane Motion").[4]

The Plaintiffs filed an Amended Complaint on January 9, 2023.[5] The Plaintiffs asserted three causes of action: (i) breach of contract against all Insurers regarding the Insurers' denial of coverage for the Plaintiffs' defense expenses; (ii) breach of contract against all Insurers regarding the Insurers' denial of coverage for indemnity costs to all the Plaintiffs; and (iii) breach of the implied covenant of good faith and fair dealing against all Insurers.[6]

On March 6, 2023, the Insurers filed the Motion for a Protective Order pursuant to Delaware Superior Court Rule 26(c) (the "Protective Order Motion"),[7] asking the Court to stay all discovery in this case pending resolution of the Second *McWane* Motion. As noted above, the Court denied that motion when it issued the Second *McWane* Decision on September 13, 2023.[8]

On March 15, 2023, the Plaintiffs, specifically CVR Refining, the General Partner, CVR Holdings, and CVR Energy (the "CVR Plaintiffs"), filed a motion for entry of partial judgment pursuant to Delaware Superior Court Rule 54(b) (the "PJ Motion").[9] In the PJ Motion, the CVR Plaintiffs argued that entry of partial judgment is appropriate with respect to Count I of the Amended Complaint.

For obvious reasons, the Court will **DENY** the Protective Order Motion. The Protective Order Motion requested a stay pending a decision on the Second *McWane* Motion. The Court ruled on that motion on September 13, 2023. The Court does not need to expend any additional attention to that motion.

---

[4] 2023 WL 5985313, at *6.
[5] Plaintiffs' First Amended Complaint for Damages ("Amended Compl.") D.I. No. 128.
[6] *Id.*
[7] D.I. No. 140.
[8] 2023 WL 5985313, at *6.
[9] D.I. No. 149.

For the reasons set forth below, the Court will **DENY** the PJ Motion.

## II.    RELEVANT FACTS

### A. GENERAL BACKGROUND AND FACTS FROM THE AMENDED COMPLAINT

The Court will not set out, again, the facts relating to the Parties, the Policies, the Underlying Actions, the denial of coverage, and the race to file multiple litigations regarding the Policies.  The Court incorporates, by reference, those facts from the Partial SJ Decision,[10] the *McWane* Decision,[11] and the Second *McWane* Decision.[12]

### B. PROCEDURAL POSTURE

#### 1.  *The Partial SJ Decision*

Plaintiffs moved for partial summary judgment on XL's duty to advance defense costs on March 12, 2021.[13]  The Insurers moved to dismiss, or alternatively, to stay the action under *McWane* on April 9, 2021.[14]  On August 11, 2021 this Court denied Defendants' motion to dismiss, or alternatively, to stay the action.[15]  On November 23, 2021, this Court issued the Partial SJ Decision, granting the Plaintiffs' motion for partial summary judgment as to Count I of the Complaint.  In the Partial SJ Decision, the Court found that the $1,000,000 retention applied to the underlying litigation under the "unambiguous language" of the policy.[16][61]  As such, the Court concluded that "no genuine issues of material fact exist" regarding the applicable retention.[17][62]  The summary judgment on Count I only applied to CVR Refining, the General Partner, CVR Holding, CVR Energy and Mr. Lamp.[18]

---

[10] 2021 WL 5492671, at *1-7.
[11] 2021 WL 3523925, at *1-6.
[12] 2023 WL 5985313, at *1.
[13] D.I. No. 24.
[14] D.I. No. 30.
[15] *CVR Refin., LP, et al.  v. XL Specialty Ins. Co.*, 2021 WL 3523925, at *9 (Del. Super. Aug. 11, 2021).
[16] *CVR Refin., LP, et al. v. XL Specialty Ins. Co.*, 2021 WL 5492671, at *11 (Del. Super. Nov. 23, 2021).
[17] *Id.*
[18] *Id.*

On January 9, 2023, the Plaintiffs filed their First Amended Complaint for damages. On February 13, 2023, Carl Icahn and IELP (hereinafter, "Icahn Plaintiffs") served on each of the Defendants: (i) a deposition notice for the corporate representative of each Defendant to occur in March 2023; and (ii) first requests for documents.[19] In response, the Insurers filed the Protective Order Motion. On February 14, 2023, the Insurers filed the Second *McWane* Motion. Also, on February 14, the Insurers sent an email to the Icahn Plaintiffs requesting that the Icahn Plaintiffs either withdraw their discovery requests or grant the Defendants an indefinite extension.[20] On February 21, 2023, the Icahn Plaintiffs responded "no."[21] On March 6, 2023, Defendants filed the Protective Order Motion. Subsequently, on March 15, 2023, the CVR Plaintiffs filed the PJ Motion.

The Insurers filed the Protective Order Motion and the Second *McWane* Motion to stay this civil action in favor of the Texas Action.[22]

### 2. *The Texas Action*

As referenced above, the Insurers filed a petition in Texas District Court on January 27, 2021, i.e., the Texas Action.[23] The Plaintiffs then filed the Complaint in this litigation on January 30, 2021 seeking recovery for (1) anticipatory breach of contract regarding the Insurers' denial of coverage for defense costs to Mr. Icahn, IELP, and CVR Energy (Count I); (2) anticipatory breach of contract for denying indemnity costs (Count II); and (3) breach of the implied covenant of good faith and fair dealing (Count III).[24]

---

[19] Defendants' Motion for Protective Order ("Defendants' Motion") ¶ 9 (D.I. No. 140).
[20] *Id.* ¶ 10.
[21] *Id.*
[22] *Id.* ¶ 7.
[23] *McWane* Mot. Op. Br. Ex. A (Insurers' Texas Petition).
[24] D.I. No. 1.

The Texas District Court granted summary judgment in favor of the Insurers on all counts asserted in the Texas Action. The Texas District Court did not issue a written opinion setting out the basis for its decision. The Texas District Court issued its orders without any reference to the Partial SJ Decision.

## III. PARTIES' CONTENTIONS

### A. THE PJ MOTION

The CVR Plaintiffs request that the Court enter partial judgement on Count I, the applicable retention issue. The CVR Plaintiffs contend that entry of partial judgment is appropriate under the present circumstances because this Court has already issued a final decision in favor of CVR Refining, the General Partner, CVR Holding, CVR Energy and Mr. Lamp regarding the applicable retention. In addition, the CVR Plaintiffs insist there is no reason to delay entry of final judgment on Count I. If the Court grants the PJ Motion, the Partial SJ Decision would become a final appealable decision.

Relying on Civil Rule 54(b), the CVR Plaintiffs argue that entry of partial judgment is permissible for various reasons. First, the CVR Plaintiffs contend that this action involves multiple claims and parties, and thus, satisfies the first requirement of Civil Rule 54(b).[25] Second, the CVR Plaintiffs contend that Count I (the applicable retention claim) has been finally decided through the SJ Decision.[26] Third, CVR Plaintiffs assert that there is no just reason for delaying final judgment on Count I as the CVR Plaintiffs would suffer an injustice from the potential delay in the final resolution of the retention claim.[27] Finally, the CVR Plaintiffs claim that granting the PJ Motion would promote the interests of judicial economy.[28]

---

[25] Plaintiffs' Motion for Entry of Partial Judgment ("Plaintiffs' Motion") at 3 (D.I. No. 149) (see Section IV below).
[26] *Id.* at 3-4.
[27] *Id.* at 4-5.
[28] *Id.* at 5.

7

For these reasons, the CVR Plaintiffs ask the Court to exercise its discretion under Civil Rule 54(b) and enter partial judgment on Count I.

## B. THE INSURERS' OPPOSITION

The Insurers request that this Court deny the PJ Motion. The Insurers do not dispute that this civil action involves multiple claims and parties; however, the Insurers argue that the Court should deny the PJ Motion for two reasons.

First, the Insurers contend that Count I has not been finally decided because new allegations have been added to the Amended Complaint. The Insurers maintain that these new allegations expand the scope of Count I, which was addressed in the SJ Decision.[29] The Insurers also argue that the Court did not address all of Count I as the CVR Plaintiffs did not separate out retention as a separate cause of action—*i.e.*, the SJ Decision only addressed part of Count I.[30] As such, the Insurers insist that it would not be proper for the Court to enter partial judgment under Civil Rule 54(b).[31]

Second, the Insurers contend that the CVR Plaintiffs have not demonstrated any particular hardship or injustice that would result if the PJ Motion is denied.[32] The Insurers claim that the only purported injustice raised by the CVR Plaintiffs is that they will be forced to wait until the Texas Action is finally adjudicated.[33] The Insurers take the position that "mere delay" on its own cannot support the entry of partial judgment under Civil Rule 54(b). The Insurers also argue that considerations of judicial administration weigh against entry of a partial final judgment.[34]

---

[29] Defendants' Opposition to Plaintiffs' Motion for Entry of Partial Judgment ("Defendants' Opp.") at 6 (D.I. No. 155).
[30] *Id.* at 7.
[31] *Id.*
[32] *Id.* at 8.
[33] *Id.*
[34] *Id.* at 11-13.

## IV. STANDARD OF REVIEW

Civil Rule 54(b) allows the Court to certify a final judgment upon one or more claims if: "(1) the action involves multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally decided, and (3) there is no just reason for delaying an appeal."[35] In deciding whether there is "just reason for delay" under prong three, the Court must consider: "(1) the hardship or injustice suffered by the moving party in the absence of the final judgment; and (2) the interest of judicial administration and judicial economy."[36] This decision is left to the discretion of the Court; however, the long established policy against piecemeal appeals requires this Court to exercise that discretion "sparingly," "cautiously," and "frugally."[37]

## V. DISCUSSION

### A. THIS ACTION INVOLVES MULTIPLE CLAIMS AND PARTIES.

Civil Rule 54(b) requires that the action involve multiple claims or parties.[38] For the first requirement to be met, the action must not be based upon a single claim against a single party.[39] The Court finds that this civil action involves both multiple claims and multiple parties.

The CVR Plaintiffs argue that the first requirement is satisfied because the action is not based on a single claim against a single party.[40] To support this argument, the CVR Plaintiffs rely on the First Amended Complaint which provides that there are three separate claims brought on behalf of multiple plaintiffs against multiple defendants.[41] The Insurers do not dispute that this action involves multiple claims and parties.

---

[35] *Boeing Co. v. Spirit Aerosystems, Inc.*, 2017 WL 3233068, at *1 (Del. Super. Jul. 28, 2017).
[36] *Id.* (citing *Lima Delta Co. v. Global Aerospace, Inc.*, 2016 WL 1169125, at *2 (Del. Super. Mar. 17, 2016)).
[37] *Id.*
[38] *Boeing Co.,* 2017 WL 3233068, at *1.
[39] *See id.*
[40] Plaintiffs' Mot. at 3.
[41] *Id.*

The Court finds that this civil action involves three separate causes of action brought on behalf of seven Plaintiffs against five Defendants.[42] Therefore, the first requirement of Civil Rule 54(b) is met.

### B. COUNT I OF THE AMENDED COMPLAINT HAS BEEN FINALLY DECIDED AS TO AT LEAST ONE PARTY.

Civil Rule 54(b) also requires that at least one claim or the rights and liabilities of at least one party have been finally decided.[43] The Court finds, for purposes of this exercise, that the CVR Plaintiffs have satisfied this requirement.

The CVR Plaintiffs argue that Civil Rule 54(b)'s second requirement is satisfied because the SJ Decision finally decided Count I.[44] In the Partial SJ Decision, the Court found that the $1,000,000 retention applied to the underlying litigation under the "unambiguous language" of the policy.[45] The Court limited the decision as to CVR Refining, the General Partner, CVR Holding, CVR Energy and Mr. Lamp.[46] The CVR Plaintiffs maintain that the Court's decision on the retention issue is sufficient to meet the second requirement of Civil Rule 54(b).

The Insurers claim that Civil Rule 54(b)'s second requirement has not been met because the Court did not finally determine Count I of the Amended Complaint.[47] The Insurers concede that the Partial SJ Decision granted summary judgment in favor of the Plaintiffs, holding that a $1,000,000 retention applies to the underlying litigation.[48] While conceding that point, however, the Insurers argue that the CVR Plaintiffs' subsequent amendment of the Complaint added new allegations to Count I that expanded its ultimate scope.[49] The Insurers contend, therefore, that

---

[42] Amended Compl. ¶ 82-102.
[43] *Boeing Co.,* 2017 WL 3233068, at *1.
[44] Plaintiffs' Mot. at 3.
[45] *CVR Refin., LP, et al. v. XL Specialty Ins. Co.*, 2021 WL 5492671, at *11 (Del. Super. Nov. 23, 2021).
[46] *See CVR Refin., LP, et al.*, 2021 WL 5492671, at *11.
[47] Defendants' Opp. at 6.
[48] *Id.*
[49] *Id.*

Count I, as amended, has not been finally decided. The Insurers relay on Delaware caselaw holding that, for purposes of the finality requirement, a final decision addressing an underlying issue of a claims is insufficient to be considered "finally decided."[50]

In *ITG Brands, LLC. v. Reynolds American, Inc.*, the Court of Chancery denied the plaintiff's motion for entry of partial judgment under Chancery Rule 54(b).[51] An early decision in the case decided one non-dispositive subsidiary issue concerning whether ITG Brands was entitled to demand protection from an equity fee statute.[52] Further, this early decision only decided a single issue bearing on ITG Brands' rights and liabilities and left many other related issues unresolved.[53] The *ITG Brands* court found that to satisfy the finality requirement, it is not sufficient that subsidiary issues concerning the claim were finally decided.[54] Rather, the decision must decide the entire claim.[55] Moreover, the decision must finally determine all of the rights and liabilities of the parties. The *ITG Brands* court held that the finality requirement will not be met when only specific underlying issues are finally determined concerning the rights and liabilities of the parties.[56]

The CVR Plaintiffs counter that entry of judgment on a claim that falls under the same count in a complaint as other claims for relief is permissible so long as it is "separate."[57] The CVR Plaintiffs insist that the Insurers' argument conflates the term "claim" with the term "count."[58] The CVR Plaintiffs concede that Delaware caselaw has not defined when a claim is

---

[50] *See ITG Brands, LLC. v. Reynolds American, Inc.*, 2019 WL 5688559, at *3 (Del. Ch. Nov. 1, 2019).
[51] *Id.*
[52] *Id.*
[53] *Id.*
[54] *See id.*
[55] *Id.*
[56] *See id.*
[57] CVR Parties' Reply Brief in Support of Motion for Entry of Partial Judgment ("Plaintiffs' Reply") at 3 (D.I. No. 156).
[58] *Id.* at 2.

"separate" under Civil Rule 54(b).[59] The CVR Plaintiffs instead rely upon federal court caselaw holding that, for purposes of Federal Rule of Civil Procedure 54(b), one of multiple claims for relief may stand alone "when the possible recoveries are more than one in number and not mutually exclusive."[60] The CVR Plaintiffs argue that federal caselaw is applicable here because Delaware's Civil Rule 54(b) mirrors Federal Rule of Civil Procedure 54(b), and Delaware courts "give [] the authorities applying the Federal Rules great persuasive weight in the construction of a parallel Delaware Rule."[61] The CVR Plaintiffs contend that the *ITG Brands* holding is consistent with federal decisions and that *ITG Brands* supports the conclusion that Count I has not been finally decided.[62]

The Court reads *ITG Brands*, as applied to this action, differently than do the Insurers. *ITG Brands* seems to be consistent with the federal rule in holding that a claim is separate "when the possible recoveries are more than one in number and not mutually exclusive." In *ITG Brands*, the initial decision only addressed one non-dispositive subsidiary issue concerning whether ITG Brands was entitled to demand protection from an equity fee statute.[63] Here, the Court addressed and finally decided a dispositive issue raised in Count I. The CVR Plaintiffs correctly point out that the claim against the Insurers for defense expenses relates to a different recovery source than the claim for defense costs under the retention provision.[64] As such, the Court can award recovery and enter judgment on the retention claim without influencing the claim for defense expenses.

---

[59] *Id.*
[60] 10 Wright, Miller & Kane, *Fed. Prac. & Proc.* § 2657 (4th ed. 2023).
[61] *Cede & Co. v. Technicolor, Inc.*, 758 A.2d 485, 490 (Del. 2000) (internal quotation marks omitted).
[62] Plaintiffs' Reply at 4.
[63] *ITG Brands, LLC*, 2019 WL 5688559, at *3.
[64] Plaintiffs' Reply at 3.

Given that the Insurers do not dispute that the Partial SJ Decision resolved the retention claim, the Court finds that Civil Rule 54(b)'s second requirement is satisfied because Count I of the Amended Complaint has been finally decided.

## C. THERE IS JUST REASON FOR DELAYING APPEAL.

Civil Rule 54(b) requires a determination that "there is no just reason for delaying an appeal."[65] In making this determination, the Court must consider: "(1) the hardship or injustice suffered by the moving party in the absence of the final judgment; and (2) the interest of judicial administration and judicial economy."[66] The Court is to exercise its discretion; however, the long established policy against piecemeal appeals requires this Court to exercise that discretion "sparingly," "cautiously," and "frugally."[67] As such, Delaware courts have been hesitant to find that there is no just reason for delaying appeal.[68] Generally, Delaware courts will refrain from issuing final judgment on less than all issues if there is a likelihood that the Supreme Court would be forced to hear the facts and issues of a case a second time upon review.[69] "Therefore, any potential prejudice alleged by the movant in absence of the judgment must be severe."[70] The Court has determined that the PJ Motion fails to meet the "no just cause" requirement of Civil Rule 54(b).

The CVR Plaintiffs assert that there is no just reason for delaying appeal as the CVR Plaintiffs would suffer an injustice as a result of the "potentially extreme delay" in the final resolution of the retention claim.[71] The CVR Plaintiffs rely on the fact that the Insurers have

---

[65] *Boeing Co.,* 2017 WL 3233068, at *1.
[66] *Id.* (citing *Lima Delta Co. v. Global Aerospace, Inc.*, 2016 WL 1169125, at *2 (Del. Super. Mar. 17, 2016)).
[67] *Id.*
[68] *See Boeing Co.,* 2017 WL 3233068, at *1; *see also Lima Delta Co.*, 2016 WL 1169125, at *2.
[69] *See World Energy Ventures, LLC. v. Northwind Gulf Coast, LLC.*, 2015 WL 6772638, at *4 (Del. Super. Nov. 2, 2015).
[70] *Id.*
[71] Plaintiffs' Mot. at 4.

13

represented to the Court that "the [Insurers] do not intend to contest [the applicable retention] in Texas."[72] For this reason, the CVR Plaintiffs assert that the Partial SJ Decision is "the final word on the issue."[73] The CVR Plaintiffs maintain that there is no reason to delay final judgment, pending a preliminary disposition and all appeals of the Texas Action, as a such process could take years.[74] The CVR Plaintiffs rely upon two Delaware cases to support their claim.

In *Verizon Communications Inc. v. Illinois National Insurance Co.*, the Court granted entry of final judgment, pursuant to Rule 58,[75] in favor of the plaintiffs.[76] *Verizon Communications* involved a defendant insurance company who conceded that the Court had previously determined that there was coverage under the applicable policy.[77] As such, the defendant insurance company agreed that it was timely to enter judgment for its portion of defense costs.[78] The Court then found that all requirements of Rule 54(b) were satisfied. Importantly, the Court found that "there is no just reason to delay the appeal of the only real central issue in the case, whether the defended actions were securities claims."[79] The Court reasoned that if final judgment was not granted the insurers "would stall this litigation for years at great expense to everyone…."[80]

In *In re Tri-Star Pictures, Inc., Litig.*, the Court of Chancery denied a motion for entry of final judgment under Chancery Court Rule 54(b).[81] *In re Tri-Star Pictures* involved a situation

---

[72] *Id.*
[73] *Id.*
[74] *Id.*
[75] *Verizon Commc'ns Inc. v. Illinois Nat'l Ins. Co.*, 2018 WL 2317821, at *6 (Del. Super. May 16, 2018). ("Pursuant to Superior Court Civil Rule 58, the Court may, at its discretion, enter final judgment where it determines that final judgment is in accordance with the provisions of Rule 54(b) and "there is no just reason for delay.").
[76] *Id.* at *14.
[77] *Id.* at *6.
[78] *Id.*
[79] *Id.* at *9.
[80] *Id.*
[81] *In re Tri-Star Pictures, Inc., Litig.*, 1989 WL 112740, at *3 (Del. Ch. Sept. 26, 1989). (Chancery Court Rule 54(b) and Superior Court Civil Rule 54(b) are substantively similar).

14

where the Court of Chancery previously had dismissed Count III of the plaintiff's amended complaint insofar as it challenged specific articles of a dismissed defendant's certificate of incorporation.[82] The plaintiff moved for entry of partial judgment under Chancery Court Rule 54(b) and argued that the claim decided by the court could be severed from the other claims without affecting the adjudication of remaining claims.[83] The Court of Chancery reasoned that "even if there is some public interest in having this matter decided promptly, the plaintiff has failed to persuade [the court] that that concern is of such weight as to warrant a piecemeal appeal of that issue."[84] The Court of Chancery went on to explain that the plaintiff had failed to demonstrate that any hardship would result from denying Chancery Court Rule 54(b) relief.[85]

The Insurers argue that the CVR Plaintiffs have made no showing of a particular hardship or injustice that will be suffered if the Court does not grant the PJ Motion.[86] The Insurers contend that the "mere delay" that may occur if the Court does not enter final judgment on the retention issue does not warrant a finding that the CVR Plaintiffs satisfied the third requirement of Civil Rule 54(b).[87] Additionally, the Insurers assert that the cases relied upon by the CVR Plaintiffs are distinguishable from the present facts and thus, do not support the conclusion that there is no just reason for delaying appeal in this case.[88]

The Court notes that the CVR Plaintiffs have made some showing of a particular hardship that will be suffered without relief under Civil Rule 54(b). The CVR Plaintiffs have provided that if partial judgment is not granted, final judgment could be delayed for a period of years until the Texas Action reaches an ultimate resolution. The CVR Plaintiffs began litigating this action

---

[82] *Id.* at *1.
[83] *Id.* at *2.
[84] *Id.*
[85] *Id.*
[86] Defendants' Opp. at 8.
[87] *Id.*
[88] *Id.* at 9.

on January 30, 2021 when they filed the initial Complaint.[89] The Court believes it logically follows that requiring the CVR Plaintiffs to wait another "period of years" until the Texas Action is finally resolved constitutes a "potentially extreme delay." However, the Court does find that the cases relied upon by the CVR Plaintiffs are distinguishable.

Unlike in *Verizon Communications*, the Partial SJ Decision did not resolve "the only real central issue in the case…." The Partial SJ Decision decided that the $1,000,000 retention applied to the underlying litigation.[90] The Court does not find, unlike the *Verizon Communications* Court that the $1,000,000 retention is the central issue of this case.

The CVR Plaintiffs, like the *In re Tri-Star* plaintiff, argue that the claim decided could be severed from the other claims without affecting the adjudication of the remaining claims; however, the Court does not believe that the retention issue is a "concern of such weight as to warrant a piecemeal appeal of that issue."[91] The Insurers point out that Defendant XL has offered to pay CVR the $1,500,000 million-dollar difference between the $2,500,000 million-dollar retention XL contends applies and the $1,000,000 million-dollar retention this Court held applies.[92] The Insurers represent that CVR Energy has not agreed to this offer.[93] Moreover, interests of judicial administration outweigh the CVR Plaintiffs' delay hardship.

The CVR Plaintiffs contend that it is in the interest of judicial economy to certify the retention-based judgment as it will serve to speed the resolution of the case.[94] The CVR Plaintiffs rely on the argument that the retention issue is a standalone issue that could be resolved now without any need for further litigation upon ultimate resolution of the Texas Action.[95] The CVR

---

[89] *See* Compl.
[90] *See CVR Refin., LP, et al,* 2021 WL 5492671, at *11.
[91] *In re Tri-Star*, 1989 WL 112740, at *2 (Del. Ch. Sept. 26, 1989).
[92] Defendants' Opp. at 11.
[93] *Id.*
[94] Plaintiffs' Mot. at 5.
[95] *Id.*

16

Plaintiffs assert that the Court's immediate resolution of this issue would prevent confusion and eliminate the risk and delay caused by a potentially inconsistent ruling in the Texas Action.[96]

In response, the Insurers argue that considerations of judicial administration weigh against entry of a partial final judgment.[97] Specifically, the Insurers maintain that a piecemeal appeal would unduly burden the Delaware Supreme Court—a reason why Delaware courts need to "sparingly" exercise their discretion under Civil Rule 54(b)."[98] In support, the Insurers rely upon Delaware caselaw establishing that the hardship suffered by the CVR Plaintiffs in this case does not outweigh the interests of judicial economy.

In *Boeing Co. v. Spirit Aerosystems, Inc.*, this Court denied the plaintiff's motion under Civil Rule 54(b) for entry of partial judgment.[99] The Court found that there was just reason for delaying an appeal because the plaintiff failed to articulate any injustice that it would suffer if it had to wait until the Court resolved the issue of costs before appealing the ruling.[100] The Court explained that "the interest in avoiding piecemeal appeals outweighs any interest [plaintiff] may have in an immediate appeal."[101] The Court reasoned that "the Supreme Court would again need to revisit the issue of liability to resolve the second appeal."[102]

The Insurers assert that the applicable retention is not a predicate issue that must be resolved before other substantive coverage issues, and that therefore, there is no efficiency to be gained through appellate review of the SJ Decision.[103] The Court agrees.

---

[96] *Id.*
[97] Defendants' Opp. at 11.
[98] *Id.* at 12.
[99] *Boeing Co.*, 2017 WL 3233068, at *2 (Del. Super. July 28, 2017).
[100] *Id.* at *1.
[101] *Id.*
[102] *Id.*
[103] Defendants' Opp. at 13.

*Boeing* is somewhat distinguishable because the CVR Plaintiffs have articulated a recognizable hardship; however, *Boeing*—and other Delaware cases—supports the position that such hardship does not outweigh the interest in avoiding piecemeal appeals. The Supreme Court would likely have to revisit the issue of the retention claim if the Insurers appealed the Partial SJ Decision after entry of partial judgment on Count I.

The CVR Plaintiffs argue that an immediate resolution gives finality to the Partial SJ Decision and prevents further litigation of this standalone claim here or in other forums.[104] The CVR Plaintiffs rely upon federal caselaw establishing that entry of judgment under Rule 54(b) is appropriate to avoid "the risk of wasting its efforts" in a multi-forum dispute. In *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, the United States Court of Appeals for the Ninth Circuit affirmed a Rule 54(b) certification by the district court.[105] That court explained that "in a circumstance of complex parallel state and federal litigation, the district court must either become inactive or incur the risk of wasting its efforts."[106] The CVR Plaintiffs insist that *Cont'l Airlines, Inc.* establishes that "a district court may enter judgment under Rule 54(b), therefore giving finality to an issue, to avoid the 'risk of wasting its efforts' in a multi-forum litigation."[107]

This case differs. The Court has noted before that none of the litigants are pursuing a litigation path that promotes judicial economy. No party moved to intervene in the underlying litigation cases to have those courts determine coverage. Instead, the parties engaged in a race to the courthouse and filed dueling coverage suits. The Court is not going to exacerbate this by sending piecemeal decisions to the Supreme Court.

---

[104] Plaintiffs' Reply at 6.
[105] *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).
[106] *Id.*
[107] Plaintiffs' Reply at 6.

The Court is required to exercise its discretion "sparingly."[108]  The correct conclusion is that the interest in avoiding piecemeal appeals outweighs any interest the CVR Plaintiffs may have in an immediate appeal.  Although the CVR Plaintiffs have articulated a particular hardship, the interests of judicial administration and judicial economy point to a conclusion that there is just reason for delay.  Accordingly, the Court finds that cause does not exist for the relief sought in the PJ Motion.

### D.      CONCLUSION

For the reasons stated above, the Court **DENIES** the PJ Motion and the Protective Order Motion.

Dated: October 12, 2023
Wilmington, Delaware


/s/ Eric M. Davis
Eric M. Davis, Judge

cc: File&ServeXpress

---

[108] *Lima Delta Co.*, 2016 WL 1169125, at *1.